# No. 14,303.

## ESTATE OF SHULTZ.

### SHULTZ, ADMINISTRATOR *v.* HYSSONG ET AL.
(85 P. [2d] 736)

Decided November 7, 1938.   Rehearing denied December 12, 1938.

Mr. F. E. DICKERSON, Mr. T. J. MORRISSEY, Mr. C. D. BROMLEY, for plaintiff in error.

Mr. IRVIN E. JONES, Mr. LEON H. SNYDER, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error, William R. Shultz, as administrator of the estate of his deceased son Glen, is here asking this court to reverse a judgment rendered by the county court of El Paso county whereby it refused to set aside the compromise of a claim asserted by the estate against the defendants in error Hyssong and Mervine.

Glen Shultz died intestate on or about February 10, 1936, leaving as his sole surviving heirs his mother, Mrs. Stella Sheppard, and his father, the said William R. Shultz. In 1932 Glen had caused to be incorporated the Glen Shultz Auto Supply Company. Its stock was issued as follows: to Glen Shultz, 9,998 shares; to Ray Mervine, 19,501; and to Harry Hyssong, 20,501. All this stock was claimed by the administrator as the property of the intestate. The administrator set up this claim by petition to the county court and asked, and on April 20, 1936, obtained, leave to sue for recovery of the stock from Mervine and Hyssong. No action was instituted. However, nego-

tiations spread over a period of many months, there being repeated conferences of the parties and their respective attorneys, including also an attorney representing Mrs. Sheppard. Various tentative compromise contracts were drafted and amended, with extended discussion and consideration, until finally a contract was agreed upon by William R. Shultz, as administrator, by Mervine and Hyssong, by the attorneys of all three, and by the attorney for Mrs. Sheppard. Thereunder Mervine and Hyssong would receive the stock standing in Glen Shultz's name upon payment of $12,500, $1,000 of which was to be an immediate cash payment, the balance to be payable in monthly installments of $150. The contract was submitted by the administrator to the county court for approval and was duly approved on February 17, 1937, and immediately acted upon.

On August 10, 1937, the administrator filed a petition seeking to have the contract and the court's approval thereof set aside, the ground alleged being that the contract had been executed while the petitioner was "sick and enfeebled in body and mind, and not understanding the terms, conditions and provisions thereof, and not being represented by counsel to explain the entire effect thereof." A demurrer to the petition was overruled and a trial had on the merits, before a county judge summoned from another county by the local county judge, the latter having entered the previous orders and therefore properly withdrawing from further participation in the matter. When the petitioner had rested his case, the court on motion of the defendants in error dismissed the petition to set aside the aforesaid order of February 17, 1937, which, as above stated, approved the proposed contract of settlement.

It is contended that by such dismissal the court committed reversible error. In support of the contention there are assigned certain reasons which, so far as they are material, we shall briefly discuss.

(a) That the order was made without testimony

or showing. However, the petition for the order recited what amounts to a complete stipulation between the parties, thereafter effectuated by the signing of the contract which the court approved. Even if evidence were required, such stipulation would be deemed its equivalent.

(b) That the order was beyond the court's jurisdiction. A genuine controversy existed between the two heirs on the one side and Mervine and Hyssong on the other. Shultz, the father, and Mrs. Sheppard, the mother, were the only ones then interested in the estate of their son. The court must have found that the parties were bound by their contract, since after considering the evidence it refused to set that contract aside.

(c) That the contract was a contract of sale of personal property belonging to the estate, made without appraisement of such property, being capital stock in a domestic corporation of undetermined value. In view of the contract approved by the court at his instance, William R. Shultz cannot avail himself of any technical defect for which he was responsible.

(d) That the contract was one in compromise of a claim against Mervine and Hyssong, and owned by the estate, contrary to the statutes of Colorado. William R. Shultz cannot raise this question when he as administrator has brought about the situation of which he complains.

(e) That there was no evidence showing that the claim was a desperate claim. For the purposes of this case the fact that the compromise settlement was made is sufficient proof of the ''desperateness'' of the claim, if any were necessary. At any rate, William R. Shultz is not entitled to raise the question inasmuch as he as heir will share equally with Mrs. Sheppard all the property of the estate, including the moneys netted from the compromise. He cannot now personally profit by any dereliction of his as administrator when his own contract thus affects only the rights of himself as heir and those of his consenting coheir. This coheir, Mrs. Sheppard, is equally interested with William R. Shultz. She is not here com-

plaining. She also, through her attorney, has been instrumental in creating the situation here presented.

No one else than these his parents is, so far as the record discloses, interested in the estate of Glen Shultz. There is therefore every reason for eliminating purely technical requirements.

The county court was the fact-finding body. The evidence before it was sufficient to support a judgment of dismissal, and with it we have no right to interfere.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND not participating.